UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GLIEE V. GUNSALUS, et al.,

                           Plaintiffs,

                           Case # 20-CV-6134-FPG

v.

                           ORDER

COUNTY OF ONTARIO, NEW YORK, et al.,

                           Defendants.

JOSEPH M. HAMPTON, et al.,

                           Plaintiffs,

                           Case # 20-CV-6135-FPG

v.

                           ORDER

COUNTY OF ONTARIO, NEW YORK, et al.,

                           Defendants.

The plaintiffs in the above cases brought adversary proceedings against Ontario County (the "County") as part of their respective bankruptcy actions. In both adversary proceedings, the plaintiffs sought to avoid the transfer of their homes in tax foreclosure as constructively fraudulent under 11 U.S.C. § 548(a)(1)(B). In the present appeals, the County challenges the bankruptcy court's decision to avoid the transfers of the plaintiffs' properties. *See* 20-CV-6134, ECF No. 1-1; 20-CV-6135, ECF No. 1-1.

This is not the first appeal in these actions. Previously, the Court resolved two questions of law pertaining to adversary proceedings: first, it ruled that the plaintiffs had standing "to bring [] avoidance proceeding[s] under Sections 522(h) and 548 of the Bankruptcy Code" notwithstanding the County's tax liens; and second, it held that the County was not entitled to a

1

"conclusive presumption of having provided reasonably equivalent value for the foreclosure of [the plaintiffs'] homes." *Hampton v. Ontario County, New York*, 588 B.R. 671, 678 (W.D.N.Y. 2018). As a result of these rulings, the Court reversed the bankruptcy court's decision dismissing the case and remanded the case for further proceedings. *See id.* The County attempted to appeal the Court's order to the Second Circuit Court of Appeals, but the Second Circuit declined the appeal because the order "contemplate[d] significant further proceedings in the bankruptcy court related to the merits." 20-CV-6135, ECF No. 3-1 at 37 (internal quotation marks omitted); *see also* 20-CV-6134, ECF No. 3-1 at 37.

Now that the bankruptcy court has reached and resolved the merits of the adversary proceedings, the County again seeks review at the Second Circuit. For efficiency's sake, the County moves for certification of a direct appeal under 28 U.S.C. § 158(d)(2)(A) and Federal Rule of Bankruptcy Procedure 8006. Section 158(d)(2)(A) allows an appellant to leapfrog the district court and seek direct review with the circuit court. *See generally Weber v. United States*, 484 F.3d 154 (2d Cir. 2007) (discussing Section 158(d)(2)(A)). In order for the appellant to obtain such relief, the district court must certify that one of three conditions exist. *See* 28 U.S.C. § 158(d)(2)(A)(i)-(iii). As is relevant here, certification is appropriate where "an immediate appeal from the judgment, order, or decree may materially advance the progress of the case." *Id.* § 158(d)(2)(A)(iii).

Courts have held that mere efficiency or speed is not, on its own, enough to justify a direct appeal under this condition. *See, e.g.*, *In re Gravel*, No. 11-10112, 2019 WL 3783317, at *7 (D. Vt. Aug. 12, 2019) ("[A]rguments emphasizing that direct appeal is a faster resolution of the legal questions and simply a more efficient route to the circuit court, are not sufficient on their own to satisfy [this condition]."). The two-step appeals process is normally preferable to direct review

because it allows issues to "percolate" and ensures the development of a "coherent body of bankruptcy case-law." *Weber*, 484 F.3d at 160; *see also id.* at 161 (stating that the Second Circuit "will be reluctant to accept cases for direct appeal when we think that percolation through the district court would cast more light on the issue and facilitate a wise and well-informed decision").

In this case, however, further district-court review would not serve those purposes: this Court has already definitively ruled on the legal issues that the County wishes to appeal, and so any more "percolation" would be pointless. It makes more sense to allow the Second Circuit to have its say on these issues. Thus, considerations of judicial economy, efficiency, *and* the development of bankruptcy-related case law favor direct review. *Accord In re Qimonda AG*, 470 B.R. 374, 389-90 (E.D. Va. 2012) (where district court had already addressed issues in first appeal, "th[e] matter ha[d] already adequately 'percolated' in the district court" and direct review was appropriate); *In re Gravel*, 2019 WL 3783317, at *8 (certifying direct appeal under similar circumstances). For these reasons, the Court agrees with the County that direct review will "materially advance the progress of the case." 28 U.S.C. § 158(d)(2)(A)(iii); *see Weber*, 484 F.3d at 158 (stating that immediate review is appropriate where the lower court "has made a ruling which, if correct, will essentially determine the result of future litigation").

The plaintiffs oppose the County's motion to the extent that it intends to appeal any of the factual issues that the bankruptcy court resolved on remand. *See* 20-CV-6135, ECF No. 5 at 6. Because the County confirms that it "does not seek review of the findings of fact made by the Bankruptcy Court in its February 2020 final order," 20-CV-6135, ECF No. 7 at 3, the plaintiffs' concern is unfounded.

Accordingly, the County's motions for certification of direct appeal (20-CV-6134, ECF No. 3; 20-CV-6135, ECF No. 3) are GRANTED. The County has established that certification is appropriate and required under 28 U.S.C. § 158(d)(2)(A)(iii).

IT IS SO ORDERED.

Dated: June 25, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court